1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DARRAN GRANT,

11          Plaintiff,                    No. 2:11-cv-2302 KJN P

12      vs.

13   WILLIAM KNIPP, et al.,               ORDER AND

14          Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16   I. Introduction

17          Plaintiff is a state prisoner, proceeding without counsel and in forma pauperis,

18   with an action filed pursuant to 42 U.S.C. § 1983.  On February 13, 2012, defendant Palomares

19   filed a motion to dismiss on the ground that plaintiff's claim is barred by Heck v. Humphrey, 512

20   U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641, 646 (1997).  In addition, defendant

21   moves to dismiss on the ground that documents attached to plaintiff's complaint negate the

22   allegations against defendant Palomares.[1]  Plaintiff filed an opposition, and defendant filed a

23   reply.  Moreover, on March 9, 2012, plaintiff filed a motion for summary judgment, on April 4,

24   2012, defendant filed an opposition, and plaintiff did not file a reply.

25   _____

26      [1] Defendant Palomares is the sole remaining defendant.  Defendant Knipp was dismissed
     by order filed November 23, 2011.  (Dkt. No. 11.)

                                          1

1    As set forth more fully below, after review of the record, this court finds that the

2    motion to dismiss should be granted in part, and denied in part, and plaintiff's motion for

3    summary judgment should be denied.

4    II.   Favorable Termination Rule

5    Defendant moves to dismiss plaintiff's excessive use of force claim on the ground

6    that the claim is Heck-barred.  Defendant is correct that, generally speaking, a plaintiff may not

7    bring a civil rights action pursuant to § 1983 arising out of alleged unconstitutional activities that

8    resulted in his conviction unless the conviction has been set aside.  See Heck, 512 U.S. at 477

9    (dismissing § 1983 action for damages based on "actions whose unlawfulness would render a

10   conviction or sentence invalid" when the conviction or sentence has not yet been reversed,

11   expunged, or otherwise invalidated); see also Balisok, 520 U.S. at 648 (dismissing § 1983 action

12   for declaratory relief and monetary damages because successful challenge to procedures used in

13   disciplinary hearing would necessarily imply the invalidity of the punishment imposed).

14   However, a conviction for resisting a peace officer under California law does not

15   necessarily preclude an excessive use of force claim pursuant § 1983.  See Hooper v. County of

16   San Diego, 629 F.3d 1127 (9th Cir. 2011) (Fourth Amendment excessive force claim not Heck-

17   barred because "[a] holding in Hooper's § 1983 case that the use of the dog was excessive force

18   would not "negate the lawfulness of the initial arrest attempt, or negate the unlawfulness of

19   [Hooper's] attempt to resist it [when she jerked her hand away from Deputy Terrell]."); Smith v.

20   City of Hemet, 394 F.3d 689, 699 (9th Cir. 2005) ("[A] § 1983 action is not barred under Heck

21   unless it is clear from the record that its successful prosecution would necessarily imply or

22   demonstrate that the plaintiff's earlier conviction was invalid.").

23   Moreover, California district courts have determined that Eighth Amendment

24   claims under circumstances similar to those presented here are not Heck-barred.  See Green v.

25   Goldy, 2011 WL 2445872 (E.D. Cal. 2011) (prisoner's excessive force claim not Heck-barred

26   because two factual predicates exist, one giving rise to the disciplinary conviction, and the other

giving rise to a potential civil claim for excessive force); El -Shaddai v. Wheeler, 2011 WL

1332044, at *5 (E.D. Cal. Apr. 5, 2011) (finding that an Eighth Amendment excessive use of

force claim is not Heck-barred because "a judgment for plaintiff on his Eighth Amendment claim

would not necessarily imply the invalidity of his disciplinary conviction" for willfully resisting a

peace officer); Gipbsin v. Kernan, 2011 WL 533701, at *5-*7 (E.D. Cal. Feb. 11, 2011) (finding

that an Eighth Amendment excessive use of force claim is not Heck-barred because success on

plaintiff's claim would not necessarily negate his disciplinary conviction for battery on a peace

officer or his criminal conviction in state court for battery); Meadows v. Porter, 2009 WL

3233902, at *2 (E.D. Cal. Oct. 2, 2009) (finding that an Eighth Amendment excessive use of

force claim is not Heck-barred because a finding that an officer "responded to the attempted

battery with excessive force would not negate any of the elements of attempted battery.  And

although the two incidents are closely related and occurred one right after the other, they are

separate and distinct events."); Candler v. Woodford, 2007 WL 3232435, at *8 (N.D. Cal. Nov.

1, 2007) (finding that an Eighth Amendment excessive use of force claim is not Heck-barred

because "defendants have not shown that if plaintiff were to prevail on his excessive force claims

the validity of the finding that he committed battery on a peace officer necessarily would be

implicated").

    Here, on July 23, 2010, plaintiff was convicted of "Refusing a Direct Order

Resulting in the Use of Force (Physical)," under § 3005(a) of the California Code of

Regulations.[2]  (Dkt. No. 1 at 38, 40.)

////

---

[2]  Section 3005(a) provides:

> Inmates and parolees shall obey all laws, regulations, and local procedures, and
> refrain from behavior which might lead to violence or disorder, or otherwise
> endangers facility, outside community or another person.

Cal. Code of Regs., tit. 15 § 3005(a).

1    In this case, defendant is correct that plaintiff's claim that he did not refuse to

2    follow defendant's order would necessarily implicate the validity of the guilty finding from the

3    underlying prison disciplinary.  However, plaintiff's claim that defendant Palomares body-

4    slammed plaintiff to the ground, after plaintiff allegedly informed defendant that plaintiff had a

5    defibrillator in his chest that prohibited him from proning out, while plaintiff was seated on the

6    ground,[3] is not barred under Heck.  While the use of force may have been justified, plaintiff

7    alleges excessive force was used.  Thus, plaintiff's success on his Eighth Amendment excessive

8    use of force claim would not necessarily imply the invalidity of the disciplinary conviction under

9    § 3005.  For plaintiff to succeed on his excessive use of force claim, he must prove that

10   defendant unnecessarily and wantonly inflicted pain on him during the use of force incident on

11   June 18, 2010.  Whitley v. Albers, 475 U.S. 312, 320 (1986).  A number of factors will be

12   relevant to determine whether defendant's use of force violated plaintiff's rights under the Eighth

13   Amendment, including (1) the need for force, (2) the relationship between the need for force and

14   the amount of force used, (3) the extent of the injury inflicted, (4) the extent of the threat the

15   officer reasonably perceived the plaintiff posed to staff and inmates, and (5) any efforts to temper

16   the severity of a forceful response.  Id. at 321.

17   Here, plaintiff has alleged sufficient facts demonstrating that a reasonable

18   factfinder could conclude both that plaintiff's conduct on June 18, 2010 violated § 3005(a), and

19   that defendant used excessive force in response to plaintiff's conduct.  Such findings would not

20   necessarily imply the invalidity of plaintiff's disciplinary conviction.  Although plaintiff's

21   conduct and defendant's alleged excessive use of force arise out of the same incident, two

22   separate factual predicates exist, the first giving rise to plaintiff's disciplinary conviction, and the

23

24        [3] In the rules violation report provided by plaintiff, defendant Palomares stated that he
     "instructed [plaintiff] again to prone out, with negative results.  [Palomares] then applied
     physical force by pulling [plaintiff's] left-hand and pushing his upper torso counter clockwise

25   *from his seated position* to the prone position.  As [Palomares] placed [plaintiff] on the ground
     [Palomares] heard what appeared to be his head hitting the ground."  (Dkt. No. 1 at 41, emphasis

26   added.)

1   second giving rise to defendant's potential civil liability.  See Hooper, 629 F.3d at 1132

2   ("Though occurring in one continuous chain of events, two isolated factual contexts would exist,

3   the first giving rise to criminal liability on the part of the criminal defendant, and the second

4   giving rise to civil liability on the part of the arresting officer.") (quoting Yount v. City of

5   Sacramento, 43 Cal.4th 885, 899 (2008)).  Accordingly, to the extent plaintiff attempts to

6   challenge the underlying guilty finding, such claim is barred under Heck.  However, plaintiff's

7   claim that defendant Palomares used excessive force in response to plaintiff's failure to prone out

8   is not barred under Heck.[4]  Accordingly, defendant's motion to dismiss is granted in part and

9   denied in part.

10  III.  Attachments to Complaint

11          Defendant also argues that because the attachments to plaintiff's complaint

12  "establish that the use of force was justified, and [plaintiff] has not been relieved of this guilty

13  finding through a petition for writ of habeas corpus, [plaintiff's] claim for excessive force is

14  barred."  (Dkt. No. 21 at 3.)  Plaintiff counters that the administrative findings did not evaluate

15  plaintiff's excessive force claim.  Indeed, defendant articulates the administrative finding as "the

16  disciplinary hearing necessarily found that Palomares' use of force was justified."  (Dkt. No. 15-1

17  at 6.)  Thus, as noted above, plaintiff cannot proceed on a claim challenging the guilty finding;

18  however, the exhibits appended to plaintiff's complaint do not negate plaintiff's alleged

19

20          [4] Defendant's reliance on Sharp v. Morrison, 2010 WL 2838635 (E.D. Cal. July 20,
    2010), is also unavailing.  In Sharp, on defendants' motion for summary judgment, the prisoner
21  pursued a theory that he was passive, and the correctional officer was the aggressor, contrary to
    the findings at the prisoner's disciplinary hearing where witnesses testified that the prisoner was
22  resisting, and another inmate testified that he did not see staff hitting the prisoner.  Id. at *4.
    Plaintiff relies on no such theory here.  Although plaintiff claims he "did not refuse [Palomares']
23  order to prone out[,]. . . [he] just told [Palomares] [that plaintiff] could lay on [his] side and not
    [his] stomach."  (Dkt. No. 1 at 6.)  In opposition to the motion to dismiss, plaintiff states, "While
24  it may be argued that plaintiff disobeyed a direct order does not eviscerate the fact that excessive
    force cannot be used nor is an assault justified by such alleged order, something that is to be
25  determined by a jury."  (Dkt. No. 20 at 4.)  Plaintiff's allegations, despite the semantics, make
    clear that plaintiff did not prone out, whether justified or not, and the allegations of excessive
26  force are not barred under Heck as set forth above.

1  excessive force claim as a matter of law.  See Scanlan v. Sisto, 2012 WL 1130668, *2-3 (E.D.

2  Cal. March 28, 2012).[5]  "The fact that plaintiff has attached to his complaint documents showing

3  prison officials found defendants' use of force was justified does not mean plaintiff has adopted

4  as true all of the statements in those documents, where it is clear from the allegations in the

5  complaint that he contests such findings."  Furnace v. Sullivan, 2008 WL 4856826 (N.D. Cal.

6  Nov. 10, 2008), citing Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 674 (2d Cir. 1995)

7  (holding Rule 10(c) of Federal Rules of Civil Procedure, providing that "an exhibit to a pleading

8  is a part of the pleading for all purposes," does not require plaintiff to adopt as true full contents

9  of documents attached to complaint).

10        Accordingly, defendant's motion to dismiss plaintiff's excessive force claim

11  based on the attachments to plaintiff's complaint should be denied.

12  IV.  Plaintiff's Motion for Summary Judgment

13        On March 9, 2012, plaintiff filed a document purporting to be a motion for

14  summary judgment, filed pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure,

15  as well as this court's October 13, 2011 order.  (Dkt. No. 19.)  Plaintiff claims that this motion is

16  based on defendant Palomares' alleged failure to file a timely response.  (Id. at 2.)  Defendants

17  filed an opposition to the motion, claiming plaintiff failed to comply with the rules governing the

18  filing of a motion for summary judgment, Fed. R. Civ. P. 56 or Local Rule 260, and noting

19  defendant Palomares timely responded to the complaint by filing a motion to dismiss pursuant to

20  Rule 12 of the Federal Rules of Civil Procedure.  (Dkt. No. 22 at 2.)  Plaintiff did not file a reply.

21        Defendant's opposition is well taken.  Defendant timely filed a motion to dismiss,

22  as permitted under Rule 12 of the Federal Rules.  Plaintiff's motion for summary judgment was

23

24        [5]  In Scanlan, the district court discussed the evaluation and use of exhibits appended to the complaint under Rule 10(c) of the Federal Rules of Civil Procedure, and distinguished how
25  "the court may reject what the plaintiff *says* about the report," but "the court cannot summarily reject plaintiff's allegations that in fact the prison authorities took no action, regardless of what
26  the incident report says."  Scanlan, at *3.

1   not properly filed under Rule 56 of the Federal Rules of Civil Procedure, or Local Rule 260.

2   Accordingly, plaintiff's motion for summary judgment should be denied.

3   V.   Conclusion

4           Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to

5   assign a district judge to this case; and

6           IT IS RECOMMENDED that:

7           1.   Defendant's February 13, 2012 motion to dismiss (dkt. no. 15) be granted as to

8   any challenge to the validity of the guilty finding resulting from the July 23, 2010 prison

9   disciplinary, and denied as to plaintiff's excessive force claim;

10          2.   Plaintiff's March 9, 2012 motion for summary judgment (dkt. No. 19) be

11  denied without prejudice; and

12          3.   Defendant Palomares be directed to file an answer within twenty-one days

13  from any district court order adopting the instant findings and recommendations.

14          These findings and recommendations are submitted to the United States District

15  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

16  one days after being served with these findings and recommendations, any party may file written

17  objections with the court and serve a copy on all parties.  Such a document should be captioned

18  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

19  objections shall be filed and served within fourteen days after service of the objections.  The

20  parties are advised that failure to file objections within the specified time may waive the right to

21  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22  DATED:  July 6, 2012

23

24                                      _____
                                        Kendall J. Newman
25                                      KENDALL J. NEWMAN
                                        UNITED STATES MAGISTRATE JUDGE

26  gran2302.mtd

                                        7